**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MELISSA ACEVEDO, et al.,

                              Plaintiffs,

          -against-

ABCZ CORP., et al,

                             Defendants.
------------------------------------------------------------X

16 Cv. 9739 (RMB)

**ORDER**

USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 2/7/18

### I. Background

On December 16, 2016, Melissa Acevedo, Maritza Pantoja, and Sandra Rosero (collectively, "Plaintiffs") filed a complaint on behalf of themselves and others similarly situated against ABCZ Corp., ABCZ II Mgmt. Corp., Sushi Fun Dining & Catering, Inc., Pacific Club Holdings, Inc., Pacific Club Holdings II, Inc., West 20th Enterprises Corp., Selim Zherka, Dominica O'Neill, and Maurice Kavanaugh (collectively, "Defendants"). See Complaint, dated Dec. 16, 2016. "Plaintiffs bring this action to recover unpaid minimum wages and overtime premiums owed to them pursuant to both the Fair Labor Standards Act [], 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law [], §§ 190 *et seq.* and §§ 650 *et seq.*" Id. ¶ 2.

On March 20, 2017, the Court set a July 24, 2017 discovery deadline. On July 31, 2017, Magistrate Judge Debra Freeman extended the discovery deadline and ordered that depositions "shall be scheduled for the week of September 25." On November 2, 2017, Magistrate Judge Freeman further extended the discovery deadline to December 22, 2017 and stated that "[t]his deadline should be considered final and will not be extended absent a showing of extraordinary cause." Order, dated Nov. 2, 2017 ("11/2/17 Order").

By letter, dated December 18, 2017, Plaintiffs informed Magistrate Judge Freeman that Defendants had "served plaintiffs with deposition notices scheduling all depositions of plaintiffs for dates **after the close of discovery**." Pls.' Letter to Magistrate Judge Freeman, dated Dec. 18, 2017, at 3 (emphasis added). On December 21, 2017, Magistrate Judge Freeman held a telephone conference with the parties during which Defendants acknowledged: "We had issued notices of deposition to the plaintiffs [in] the beginning of December and the dates were noticed for, I understand, after the close of discovery . . . ." Hr'g Tr., dated Dec. 21, 2017 ("12/21/17 Tr.") at 3.

On December 29, 2017, Magistrate Judge Freeman ruled that Defendants' application to conduct depositions of the individual Plaintiffs is denied because "Defendants have made no showing that they made any effort to complete the requested depositions within the discovery period." Order, dated Dec. 29, 2017 ("12/29/17 Order").

Defendants now object to this ruling. See Defs.' Objections to the 12/29/17 Order, dated Jan. 12, 2018. Defendants contend that to allow Plaintiffs to avoid sitting for depositions would "be prejudicial to Defendants' defense of this matter." Id. at 8.

**For the reasons set forth below, the Court affirms Magistrate Judge Freeman's Order.**[1]

## II.  Legal Standard

"A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a District Court in the absence of a finding that the

---

[1] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

2

magistrate's determination was clearly erroneous or contrary to law." Dubin v. E.F. Hutton Grp., Inc., 125 F.R.D. 372, 373 (S.D.N.Y. 1989) (internal quotation marks omitted).

### III. Analysis

Magistrate Judge Freeman's 12/29/17 Order is neither clearly erroneous nor contrary to law. Defendants should not be rewarded for their intentional refusal to schedule Plaintiffs' depositions within the specified discovery period – in a case that was filed in December 2016 and which, in any event, would normally be resolved based primarily upon (written) records such as time sheets, pay stubs, and government filings. See Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251 (W.D.N.Y. 2012).

Magistrate Judge Freeman is entirely correct that Defendants have not shown that they made any effort to complete the depositions within the specified discovery period which has already been extended three times. To the contrary, Defendants have admitted that they sought to schedule the Plaintiffs' depositions for at a time **after** the close of discovery, see 12/21/17 Tr. at 3, and notwithstanding Magistrate Judge Freeman's warning that the December 22, 2017 "deadline should be considered final and will not be extended absent a showing of extraordinary cause." 11/2/17 Order; see Shemendera, 288 F.R.D. at 251-53. If Defendants were serious about taking Plaintiffs' depositions, they could have done so almost any time in 2017 – i.e. before the close of discovery.

## IV. Conclusion & Order

For the reasons stated above, the Court affirms Magistrate Judge Freeman's 12/29/17 Order.

The parties are currently scheduled to appear before the Court for a settlement conference on Thursday, February 15, 2018 at 12:30 p.m. The "[p]arties are directed to make good faith efforts prior to the conference to settle this case." Order, dated Jan. 11, 2018.

Dated: February 7, 2018
New York, New York

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J**